IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 3, 2026 Session

## HENDRY METAL BUILDING REPAIRS AND SERVICES, LLC ET AL. v. HELEN MICHELLE ALLEN

**Appeal from the Chancery Court for Davidson County**
**No. 20-1246-I   Patricia Head Moskal, Chancellor**

_____

**No. M2025-00352-COA-R3-CV**

_____

A bookkeeper allegedly made unauthorized payments to herself from company funds. After a bench trial, the court found the bookkeeper breached her duty of loyalty to her employers and unjustly enriched herself. On appeal, the bookkeeper faults the trial court's evidentiary decisions and contends that the plaintiffs' claims and the damage award were not supported by a preponderance of the evidence. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., C.J., and JOHN W. MCCLARTY, P.J., E.S., joined.

Helen Michelle Allen, Nashville, Tennessee, pro se appellant.

Randall K. Winton, Brentwood, Tennessee, for the appellees, Joseph Christopher Hendry, Hendry Metal Building Repairs and Services, LLC and Hendry Equipment Rental, LLC.

## OPINION

### I.

Joseph Hendry owns and is the managing member of two businesses: Hendry Metal Building Repairs and Services, LLC and Hendry Equipment Rental, LLC. In 2018, Mr. Hendry hired Helen Allen, his ex-wife, to perform bookkeeping, payroll, and other administrative duties for both businesses. Mr. Hendry also gave her signatory authority on his business accounts. Ms. Allen did not have a written employment

agreement and was not a member, manager, or officer of either LLC. Her compensation was $469 per week.

About a year later, Mr. Hendry learned from his payroll service, Automatic Data Processing, Inc. ("ADP"), that Ms. Allen had increased her pay from the agreed amount to $2,100 per week. Due to this and other payroll irregularities, Mr. Hendry fired Ms. Allen. After further investigation, Mr. Hendry found that Ms. Allen had issued payments to a fictious employee and paid personal expenses using company funds. He also found that Ms. Allen had a credit card issued in her name on his personal credit card account and that she had used his personal and business credit card accounts to pay for personal expenses that were unrelated to her employment.

The LLCs and Mr. Hendry sued Ms. Allen, asserting unjust enrichment, conversion, breach of the duty of loyalty to her employer, and fraudulent misrepresentation. After a bench trial, the court found that some payments made by Ms. Allen from company funds and her credit card charges for personal expenses were unauthorized. Although it determined that the proof did not support the claims for conversion or fraudulent misrepresentation, the court did find that Ms. Allen's actions breached her duty of loyalty to her employers and resulted in unjust enrichment. It concluded the measure of damages for both claims was the same and awarded the LLCs and Mr. Hendry $78,029.83 in damages.

## II.

On appeal, Ms. Allen raises four issues. She argues that the court improperly admitted payroll records from ADP and wrongly excluded certain rebuttal evidence. She also maintains that Mr. Hendry presented insufficient evidence to prove his claims or his damages by a preponderance of the evidence.

## A.

Because Ms. Allen's first two issues related to evidentiary decisions, we address them together. In faulting the trial court for admitting ADP payroll records, she claims that an objection was made to the authenticity of the records. But a review of the record shows that no objection was made at trial. The admission of evidence may not be asserted as an error by the trial court unless a "substantial right of the party is affected" and a timely objection is made to the evidence's introduction. TENN. R. EVID. 103(a)(1). Because no objection was made, the admission of the records may not be raised as an issue on appeal. *See Grandstaff v. Hawks*, 36 S.W.3d 482, 488 (Tenn. Ct. App. 2000) (recognizing that the "[f]ailure to object evidence in a timely and specific fashion precludes taking issue on appeal with the admission of the evidence").

Ms. Allen also complains that the trial court excluded relevant rebuttal evidence. She claims that evidence included, among other items, receipts and bank statements demonstrating that many of the transactions she made using business funds were authorized. But again, the record does not support Ms. Allen's claim of error. The court admitted all documentary evidence that Ms. Allen offered at trial.

B.

Ms. Allen's remaining issues challenge the sufficiency of the evidence supporting liability and damages. We review the trial court's findings of fact de novo with a presumption of correctness, unless the evidence preponderates otherwise. TENN. R. APP. P. 13(d). Evidence preponderates against a finding of fact when it "support[s] another finding of fact with greater convincing effect." *Realty Shop, Inc. v. RR Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). In our consideration of whether the evidence preponderates against a factual finding, trial court determinations of witness credibility are given great weight; they are not overturned absent clear and convincing evidence to the contrary. *In re Adoption of A.M.H.*, 215 S.W.3d 793, 809 (Tenn. 2007).

Ms. Allen submits that the preponderance of the evidence does not support the court's determination that she breached a duty of loyalty or unjustly enriched herself. Employees are required to "act solely for the benefit of the employer in matters within the scope of . . . employment [and to refrain from] engag[ing] in conduct that is adverse to the employer's interests."[1] *Nashville Tenn. Ventures, Inc. v. McGill*, No. M2020-01111-COA-R3-CV, 2021 WL 2070133, at *4 (Tenn. Ct. App. May 24, 2021) (quoting *Knott's Wholesale Foods, Inc. v. Azbell*, No. 01A-01-9510-CH-00459, 1996 WL 697943, at *3 (Tenn. Ct. App. Dec. 6, 1996)). An employee who breaches this duty may be

---

[1] Employees have a duty of loyalty to their employer even if they are not officers or directors. *Ram Tool & Supply Co. v. HD Supply Constr. Supply Ltd.*, No. M2013-02264-COA-R3-CV, 2016 WL 4008718, *5 (Tenn. Ct. App. Jul. 21, 2016). Tennessee courts have sometimes referred to the employee's duty as a "fiduciary duty of loyalty." *See, e.g., Comm'rs of Powell-Clinch Util. Dist. v. Util. Mgmt. Rev. Bd.*, 427 S.W.3d 375, 388-89 (Tenn. Ct. App. 2013) (listing different fiduciary relationships, including that "employees owe a fiduciary duty of loyalty to their employers"); *Efird, III v. Clinic of Plastic & Reconstructive Surgery, P.A.*, 147 S.W.3d 208, 219-21 (Tenn. Ct. App. 2003) (describing a physician working for a medical clinic as having a "fiduciary duty of loyalty" but noting a dispute of fact as to whether the physician was an officer or director); *Knott's Wholesale Foods, Inc. v. Azbell*, No. 01A-01-9510-CH-00459, 1996 WL 697943, at *3 (Tenn. Ct. App. Dec. 6, 1996) (describing an at-will employee as having "a fiduciary duty of loyalty to the employer" (citing 27 AM. JUR. 2D *Employment Relationship* § 216 (1996))). As our supreme court has explained, "[a] fiduciary is a person holding the character of a trustee who bears the duty to act primarily for the benefit of another." *Sanford v. Waugh & Co.*, 328 S.W.3d 836, 843 (Tenn. 2010). So, unless the employee in question holds a position that bears a duty to act primarily for the benefit of another (e.g. an officer, manager, or director), the appropriate term for the duty an employee owes is "a duty of loyalty." *See Wachter, Inc. v. Cabling Innovations, LLC*, 387 F. Supp.3d 830, 844 (M.D. Tenn. 2019) (explaining that, "under Tennessee law, a breach of fiduciary duty claim can only be brought against a business entity's officers or directors, as opposed to mere employees").

required to return any compensation received while engaging in the adverse conduct and to disgorge any profit or benefit arising from the disloyal activities. *Ram Tool & Supply Co. v. HD Supply Constr. Supply Ltd.*, No. M2013-02264-COA-R3-CV, 2016 WL 4008718, at *5 (Tenn. Ct. App. Jul. 21, 2016). To recover "illicit profits or compensation from the employee" the employer does not have to show that it suffered a loss. *Efird, III v. Clinic of Plastic & Reconstructive Surgery, P.A.*, 147 S.W.3d 208, 220 (Tenn. Ct. App. 2003).

Ms. Allen testified, and still maintains, that Mr. Hendry authorized her pay and that her personal charges were either authorized, business-related, later reversed, or offset by payments she made from her personal funds on behalf of the LLCs. But the trial court accepted the testimony of others, including Mr. Hendry, that the expenditures were either unauthorized or not business-related. It rejected Ms. Allen's testimony on these points, specifically determining that she was not credible. We accord that determination great weight. The court found that

> [t]he weight of the proof establishes that Allen gave herself unauthorized pay raises; added a fictitious employee to the Hendry company payroll account using Allen's own social security number and bank account information to receive that pay; added her housekeepers and personal assistants to company payroll to pay them for personal services they provided to her; charged [Mr.] Hendry's personal credit card and Hendry Metal's credit cards for her personal expenses; and wrote company checks to herself without authorization.

So the court found "that Plaintiffs met their burden of proving that [Ms.] Allen's unauthorized acts were adverse to them and in breach of her duty of loyalty." The evidence does not preponderate against any of the factual findings, and we agree that a breach of the duty of loyalty was proven.

Claims for unjust enrichment include circumstances, like here, where a benefit is involuntarily conferred. *Family Tr. Servs. LLC v. Green Wise Homes LLC*, 693 S.W.3d 284, 305-06 (Tenn. 2024). To be successful on this quasi-contractual theory, a plaintiff must prove "[a] benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof."[2] *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966).

---

[2] The plaintiff must also exhaust any remedies he may have against any party in which he is in privity of contract, a circumstance that is not present here. *See Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005).

The court also determined that an award of damages was appropriate under an unjust enrichment theory. It found that "[e]ach plaintiff conferred benefits on [Ms.] Allen through unauthorized pay increases, unauthorized checks, unauthorized credit card charges, and unauthorized pay to fictitious employees redirected to [Ms.] Allen, among other benefits; [Ms.] Allen appreciated those benefits; and it would be unjust for [Ms.] Allen to retain those benefits." The evidence does not preponderate against any of these factual findings either, and we agree that a claim for unjust enrichment was proven.

Finally, Ms. Allen contends that, even if she did breach her duty of loyalty or unjustly enriched herself, the evidence preponderates against the amount of damages awarded. Specifically, she asserts that the trial court adopted Mr. Hendry's damages summary without fully examining the individual transactions that made up the claim. She also asserts that she was not credited for the value of her services and that certain charges, such as overdraft fees, were unrelated to her wrongful actions. The court's failures in these respects, she submits, inflated the award.

Based on our review, the proof more than adequately supported the damages awarded. The trial court did not overlook the issues raised by Ms. Allen. The court heard extensive testimony from the current bookkeeper, Ms. Doreen Hill-Brown, and she discussed every payroll payment, check, and credit card charge claimed as damages.[3] The payments, checks, and charges were also documented through payroll reports, bank or credit card statements, and other financial records. Ms. Allen was not entitled to a credit for services rendered because the LLCs only sought recovery for pay in excess of her $469 weekly salary.

Concerning the overdraft charges, the bookkeeper, Ms. Hill-Brown, testified that Ms. Allen caused the overdrafts by unilaterally increasing her pay and making unauthorized payments to herself. While Ms. Allen countered with proof that Mr. Hendry had overdraft issues before her employment, this evidence does not overcome the trial court's finding that the overdraft fees identified by Ms. Hill-Brown were the result of Ms. Allen's wrongful actions.

---

[3] Ms. Hill-Brown detailed personal items charged to business credit cards, including a spa visit, groceries, an airplane ticket for Ms. Allen's former boyfriend, and a hotel bill for a city Mr. Hendry had never visited. Ms. Allen's personal assistant testified that she never performed any work for the LLCs, despite being paid by Ms. Allen with a payroll check or by direct deposit from an LLC account. Ms. Allen's ex-boyfriend recounted that Ms. Allen used Mr. Hendry's credit card for their personal travel and entertainment and contradicted Ms. Allen's account that certain payroll employees did business-related work at her home.

## III.

Ms. Allen's evidentiary objections are waived or unsupported and the evidence does not preponderate against the trial court's findings. So we affirm the trial court's judgment and remand for any necessary further proceedings.

_s/ W. Neal McBrayer_
W. NEAL MCBRAYER, JUDGE
